# UNSWORN DECLARATION UNDER PENALTY OF PERJURY
## 28 U.S.C. § 1746

Pursuant to 28 U.S.C. § 1746, I, Kevin M. Peña, an officer of the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), declare the following:

## PROFESSIONAL BACKGROUND

I am employed as an officer with the United States Department of Homeland Security, CBP, San Juan, Puerto Rico. I have worked as a Customs and Border Protection Officer (CBPO) for CBP for three years beginning on June 08, 2020. I also worked as a Correctional Officer for over three years beginning on September 16, 2016. I am currently assigned to the Luis Muñoz Marin International Airport (LMMIA), Passenger Enforcement Rover Team (PERT), and my responsibilities include inspecting and processing every aspect of international flights/passengers and international cargo both inbound from foreign countries as well as outbound to foreign countries.

I have attended to Metropolitan University, where I obtained a bachelor's degree in accounting. I joined the U.S. Army as military police while I was studying as a reservist and was deployed on active-duty status for a period of one year. I have also attended the Federal Law Enforcement Training Center in Glynco, Georgia, where I completed the Immigration Officer Basic Training Course (IOBTC) and Correctional Officer training. I also attended the PERT

training class 2307 on May 2023. The statements contained in this declaration are based on my personal knowledge and information provided to me in my official capacity.

**ITEM TO BE FORFEITED**
$20,020 in U.S. currency.

**FACTS**

1. On April 29, 2023, CBPOs assigned to the PERT, including myself, conducted 100% outbound inspection on flight AV-259. I observed INIGO-FAS, Jose Felix (DOB: 07/10/1952) (INIGO-FAS) INIGO-FAS while he was in line at Gate C2 waiting to board flight AV-259 to Bogota, Colombia and saw that he moved to the end of the line to be the last passenger. When INIGO-FAS approached the jet bridge, a CBPO asked INIGO-FAS for his travel document. INIGO-FAS presented his US passport #679304568 and was positively identified. CBPOs observed INIGO-FAS wearing a different shirt, green with white flowers design. INIGO-FAS was asked how much money he was transporting to Colombia, and he stated that he had $9,700.00 USD. CBPOs explained the currency reporting requirements to INIGO-FAS and told him he was required to declare currency over $10,000 USD. Subsequently, CBPOs asked INIGO-FAS a second time how much money he was carrying, and he stated again that he was transporting $9,700.00 USD. INIGO-FAS

2

was provided with a written binding declaration, CBP Publication Form 503, and he completed it stating that he was transporting $9,700.00.

2. Further, CBPOs escorted INIGO-FAS to the Baggage Control Secondary area, where the currency was counted. CBPOs noticed that INIGO-FAS was carrying the money inside a small blue handbag, wrapped in plastic bags. I counted the currency using an RCB-1000 cash-counting machine. The total amount of currency was $20,247.00 USD. CBPOs returned $227.00 USD to INIGO-FAS for humanitarian reasons, and seized a total of $20,020.00 USD, which was placed on evidence bag #A8649779.The currency was seized for a failure to report currency violation under 31 U.S.C. § 5316 and is subject to forfeiture pursuant to 31 U.S.C. § 5317.

3. INIGO-FAS was released without any further incident and was given Form 6051R as evidence of the $227.00 returned for humanitarian reasons and was given copy of the 6051S for the $20,020 seized.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this ___ day of _____ 2023.

_____

Kevin M. Peña, Officer
U.S. Department of Homeland Security
U.S. Customs and Border Protection